IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY MOORE and TRACIE WATSON,

Plaintiffs,

v.

DEPT. OF CORRECTIONS, SUSAN BENDER,
ISMAEL OZANNE, STATE OF WISCONSIN,
FRANSICO SALAS, and DEPT. OF CORRECTIONS
SECRETARY'S OFFICE,

Defendants.

ORDER

10-cv-386-wmc

---

Plaintiff Rodney Moore has submitted a complaint on behalf of himself and his "common law wife" Tracie Watson, alleging that he has been attacked and sexually assaulted at the Green Bay Correctional Institution, that Watson has been harassed by his probation agents and that he has not been allowed to contact Watson. The complaint is signed by Moore, but not by Watson. Moore has not paid the $350 fee for filing this action, so I construe his submission as including a motion for leave to proceed *in forma pauperis*.

As an initial matter, there is no indication that Moore is a licensed attorney authorized to practice in front of this court. If not, he cannot appear or file claims on behalf of other people, even his common law wife; nor does he have standing to sue for injuries to other people, including Watson. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). Moreover, one of Moore's claims is that he has not been allowed to communicate with Watson for almost a year before filing this complaint, strongly suggesting that Watson has no idea Moore is proceeding with this lawsuit. Watson is, therefore, dismissed as a party to this lawsuit without prejudice or costs.

Moore's request to proceed personally *in forma pauperis* faces its own set of hurdles. On at least three prior occasions, Moore was denied leave to proceed *in forma pauperis* in lawsuits that were legally frivolous. *Moore v. Dane County Clerk of Courts*, 09-cv-361-slc, decided July 20, 2009; *Moore v. Hayward*, 09-cv-363-slc, decided July 20, 2009; and *Moore v. Bennett*, 09-cv-364-slc,

decided July 20, 2009. As a result, Moore may proceed *in forma pauperis* only on claims alleging that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' " *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed *in forma pauperis*. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Moore appears to be bringing two claims on his own behalf: (1) He has been blocked from contacting Watson; and (2) he has been attacked and sexually assaulted at the Green Bay Correctional Institution. Moore could state a claim for being blocked from contacting Watson. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (prisoners have a limited right under the First Amendment to communicate with others outside the prison). This claim does not, however, meet the imminent danger threshold by failing to provide a credible nexus between contact with Watson and any danger to Moore. Indeed, Moore's complaint alleges that he is in indirect contact with Watson through "friends on the street." If anything, as currently pled, Moore's complaint alleges imminent danger to Watson, a claim he has no standing to bring as previously discussed. *Kowalski*, 543 U.S. at 129. If he wishes to proceed with this claim, he will have to articulate with substantial more specificity why loss of direct contact with Watson , in particular, presents an imminent danger <u>to him</u> or prepay the $350 filing fee for this action.

As with some of Moore's previous filings in this court, both of Moore's personal claims have another problem: his current complaint is extremely vague. He provides little detail about how his rights were violated or who was responsible for the violations. Under Fed. R. Civ. P. 8, a complaint must include a "short and plain statement of the claim showing that the pleader is

entitled to relief." Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The pleader must provide specific allegations that, if true, make plaintiff's claim for relief more than speculative, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The conlcusory nature of Moore's complaint dooms it under Rule 8, though he will be given another chance to submit a complaint that complies with the rule. Consistent with the enclosed complaint form, which Moore is urged to use, he should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for Moore's claims?
- What did each defendant do that makes him liable for violating plaintiff's rights?
- How was Moore injured by a particular defendant's conduct?

In addition, defendants State of Wisconsin, Department of Corrections and DOC Secretary's Office cannot be sued in actions like this one brought under 42 U.S.C. § 1983, because that statute limits liability to "persons" only. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66-67 (1989); *Witte v. Wisconsin Department of Corrections*, 434 F.3d 1031, 1036 (7th Cir. 2006). In his amended complaint, Moore should explain which *individuals* harmed him and, in order to satisfy the imminent danger requirement, whether the attacks are ongoing or he otherwise remains in danger. Should Moore choose to pursue this claim *in forma pauperis*, he should also submit a six-month trust fund account statement so that the court can compute an initial partial payment of the filing fee.

ORDER

IT IS ORDERED that:

(1) Plaintiff Tracie Watson is DISMISSED from this lawsuit.

(2) Plaintiff Rodney Moore's complaint, dkt. #1, is DISMISSED without prejudice because it fails to comply with Fed. R. Civ. P. 8.

(3) Moore will have until February 1, 2011 to file a proposed amended complaint. If Moore fails to submit a proposed amended complaint by February 1, 2011, I will direct the clerk of court to close the case.

(4) If Moore wishes to pursue his claim that defendants blocked him from contacting Watson, he must pay the entire $350 filing fee by February 1, 2011.

Entered this 11th day of January, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge